UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x   Case No.: 16-CV-4708
KAREN LAZAR,
                        Plaintiff,
  - against -                                 **COMPLAINT**

AMERIPRISE INSURANCE COMPANY,
AMERIPRISE AUTO & HOME INSURANCE and
IDS PROPERTY CASUALTY INSURANCE
COMPANY
                        Defendants.
------------------------------------------------------------------x

      Plaintiff, KAREN LAZAR, complaining of the defendants herein by her attorney ALAN C. GLASSMAN, alleges:

      1.     This action to recover monetary damages in the amount of ONE HUNDRED FIFTY THOUSAND AND 00/00 DOLLARS ($150,000.00) pursuant to a contractual agreement of motor vehicle insurance between Plaintiff as policy holder and Defendants as insurers, is based upon a supplementary underinsurance provision in said insurance contract with a $250,000.00 coverage amount, and which provides for payment of underinsurance, when the policy holder has been personally injured and recovered the full amount of the tortfeasor's liability insurance coverage and said payment is in an amount which is less than the amount of the policy's supplementary underinsured motorist coverage.

## JURISDICTION

      2.     Jurisdiction is based on diversity of citizenship. The Court has subject matter jurisdiction over the claim pursuant to 28 U.S.C. Section 1332 insofar as the matter in controversy exceeds the sum or value of seventy – five thousand dollars ($75,000.00) exclusive of interest and costs, and is between citizens of different states.

## VENUE

3.   Pursuant to 28 U.S.C. Section 1391, venue is a proper in the Eastern District of New York since the Plaintiff resides in the Eastern District at 2508 Townhome Way, Huntington Station, NY 11746.

## PARTIES

4.   That at all the times herein mentioned Plaintiff was and still is a resident of the State of New York, County of Suffolk.

5.   Upon information and belief at all times herein mentioned the Defendant, AMERIPRISE INSURANCE COMPANY (hereinafter referred to as "AMERIPRISE") was and still is a foreign Corporation, domiciled in Wisconsin and licensed to do business in New York.

6.   Upon information and belief at all times herein mentioned Defendant, AMERIPRISE AUTO & HOME INSURANCE (hereinafter referred to as "AMERIPRISE AUTO") was and still is a foreign Corporation, domiciled in Wisconsin and licensed to do business in New York.

7.   Upon information and belief at all times herein mentioned Defendant, IDS PROPERTY CASUALTY INSURANCE COMPANY (hereinafter referred to as "IDS") was and still is a foreign Corporation, domiciled in Wisconsin and licensed to do business in New York.

## CLAIM FOR RELIEF

8.   On August 5, 2015, at approximately 2:00 p.m. the Plaintiff, KAREN LAZAR, was operating her motor vehicle in an easterly direction on route US 22 near Court Rd. & 638 (Greenwich Street), Pohatcong New Jersey, and her vehicle was stopped in traffic.

9.   On said date and at said time a vehicle owned by one Alfred Parenti was operated east on US 22, by Donna L. Parenti and it struck Plaintiff's vehicle in the rear while it was stopped.

10. Said collision was caused by the negligence and carelessness of the Parenti vehicle.

11. As a direct result of the negligence and carelessness of the operator of the Parenti vehicle as aforesaid, the Plaintiff was violently thrown about her vehicle. Subsequent examination and treatment disclosed that the Plaintiff sustained a lower back injury, which required surgical repair. The Plaintiff has further suffered pain and anguish and shock to her nervous system, post surgical scarring, loss of wages and permanent loss of function and mobility.

12. Some or all of the aforesaid injuries are of a permanent nature and are serious as defined in New York, Insurance Law §5102(d).

13. On August 5, 2015, the Defendant AMERIPRISE INSURANCE COMPANY was required, under New York State Law to include uninsured/underinsured motorist bodily injury coverage in every automobile policy issued to New York residents.

14. On August 5, 2015 AMERIPRISE AUTO was required, under New York State Law to include uninsured/underinsured motorist bodily injury coverage in every automobile policy issued to New York residents.

15. On August 5, 2015 IDS was required, under New York State Law to include uninsured/underinsured motorist bodily injury coverage in every automobile policy issued to New York residents.

16. On August 5, 2015, and for a period preceding that date, the Plaintiff had insured her motor vehicle with liability and uninsured/underinsured motorist coverage that she had purchased from the defendant, AMERIPRISE. The stated coverage period was 04/08/2015 – 10/08/2015.

17. On August 5, 2015, and for a period preceding that date, the Plaintiff had insured her motor vehicle with liability and uninsured/underinsured motorist coverage that she had purchased

from the defendant, AMERIPRISE AUTO. The stated coverage period was 04/08/2015 – 10/08/2015.

18. On August 5, 2015, and for a period preceding that date, the Plaintiff had insured her motor vehicle with liability and uninsured/underinsured motorist coverage that she had purchased from the defendant. IDS. The stated coverage period was 04/08/2015 – 10/08/2015.

19. The contract or policy of insurance which bears policy number AX03014900 and which was effective on the date of the accident, provided "Supplementary Uninsured/Underinsured Motorists" protection for bodily injury sustained by the insured, in the amount of " $250,000.00 EACH PERSON / $500.00 EACH ACCIDENT"

20. The Plaintiff, Karen Lazar was an insured under the aforementioned insurance policy for purposes of underinsured motorist coverage at the time of the accident which occurred on August 5, 2015.

21. The vehicle driven by the tortfeasor, was insured in the amount of $100,000.00 by the Plymouth Rock Assurance Company and was thus, as to the Plaintiff, underinsured at the time of the accident, as defined by the terms and conditions contained in the aforesaid insurance contract.

22. That Ameriprise gave consent to Plaintiff to issue a general release to the tortfeasor and to accept payment from Plymouth Rock Assurance Company of its $100,000.00 coverage amount.

23. That Ameriprise Auto gave consent to Plaintiff to issue a general release to the tortfeasor and to accept payment from Plymouth Rock Assurance Company of its $100,000.00 coverage amount.

24. That IDS gave consent to Plaintiff to issue a general release to the tortfeasor and to accept payment from Plymouth Rock Assurance Company of its $100,000.00 coverage amount.

25. The Plymouth Rock Assurance Company has paid the full limits of its available

liability coverage in the amount of $100,000.00, to the Plaintiff.

26. By obtaining the $100,000.00 policy limits, the Plaintiff has exhausted all available liability insurance for this accident, and has triggered the Supplementary Underinsured claim.

27. Pursuant to the terms of the aforesaid contract of insurance and further pursuant to New York Insurance Law and regulations, the Plaintiff is entitled to payment of underinsured motorists benefits as stated in the subject contract of insurance.

28. Plaintiff has demanded payment of $250,000,00, less the contractual setoff of $100,000.00, to wit: $150,000.00. Said amount ($150,000.00) being the limit of the said contract's per person coverage of $250,000.00 off set by the $100,000.00 payment by the tortfeasor's insurer and AMERIPRISE has refused payment of said amount.

29. Plaintiff has demanded payment of $250,000,00, less the contractual setoff of $100,000.00, to wit: 150,000,00. Said amount ($150,000.00) being the limit of the said contract's per person coverages of $250,000.00 off set by the $100,000.00 payment by the tortfeasor's insurer and AMERIPRISE AUTO has refused payment of said amount.

30. Plaintiff has demanded payment of $250,000,00 less the contractual setoff of $100,000.00 to wit :150,000,00. Said amount ($150,000.00) being the limit of the said contract's per person coverage of $250,000.00 off set by the $100,000.00 payment by the tortfeasor's insurer and IDS has refused payment of said amount.

31. By failing to offer the available coverage limits of its underinsured coverage to the Plaintiff, Defendant Ameriprise has breached the terms of its insurance contract.

32. By failing to offer the available coverage limits of its underinsured coverage to the Plaintiff, Defendant Ameriprise Auto has breached the terms of its insurance contract.

33. By failing to offer the available coverage limits of its underinsured coverage to the Plaintiff, Defendant IDS has breached the terms of its insurance contract.

34. As a result of each of the Defendants' breaches, the Plaintiff has suffered damages, in an amount of $150,00.00 representing the $250,000.00 per person limit of underinsurance coverage provided to Plaintiff in the aforesaid insurance contract, less the offset of $100,000.00 Plaintiff received from the offending vehicle's insurer, all as provided for in the said insurance contract.

### JURY DEMAND

Plaintiff requests a trial by jury for all claims and issues so triable.

### RELIEF

35. WHEREFORE, Plaintiff respectfully demands the following relief.

a.) An award of compensatory damages to Plaintiff in the amount of $150,000.00.

b.) An award to Plaintiff of the costs of suit, and

c.) Any and all other relief to which Plaintiff may be entitled.

Dated: Lynbrook, New York
August 22, 2016

Yours, etc.,

ALAN C. GLASSMAN, Esq.
Attorney for Plaintiffs
34 Atlantic Avenue, Suite 200
Lynbrook, NY 11563
(516) 823-1800

## VERIFICATION

**ALAN C. GLASSMAN**, an attorney duly admitted to practice in the Courts of this State, affirms the following to be true under the penalties of perjury:

That your affirmant is the attorney for the Plaintiff, KAREN LAZAR

That your affirmant has read the foregoing **COMPLAINT,** and knows the contents thereof, and that the same is true to his own knowledge, except as to those matters therein stated to be alleged upon information and belief and as to those matters he believes it to be true.

That the source of affirmant's information and the grounds of my belief are communications with Plaintiff, papers, reports and results of investigations contained in my file.

The reason this verification is made by affirmant and not by the Plaintiff is that the Plaintiff does not reside within the County wherein affirmant maintains his office.

Dated: Lynbrook, New York
       August 22, 2016

_____
ALAN C. GLASSMAN

CASE NO.: 16-CV-4708

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREN LAZAR,

                                                            Plaintiff,

                    – against –

AMERIPRISE INSURANCE COMPANY,
AMERIPRISE AUTO & HOME INSURANCE and
IDS PROPERTY CASUALTY INSURANCE COMMPANY

                                                Defendants,

**COMPLAINT**

**ALAN C. GLASSMAN, ESQ.**

Attorney for Plaintiff
Office and Post Office Address
34 Atlantic Avenue, Suite 200
Lynbrook, N.Y. 11563
(516) 823-1800